[Civ. No. 7518. Second Appellate District, Division One.—December 31, 1932.]

NATIONAL GYPSUM PRODUCTS COMPANY (a Corporation), Respondent, v. BUTTONLATH MANUFACTURING COMPANY (a Corporation), Appellant.

Lawler & Degnan for Appellant.

Lucien Gray for Respondent.

YORK, J.—This is an action to recover royalty—$4,000 for the year June 3, 1928, to June 3, 1929, and $1,000 for the quarterly period from June 3, 1929, to September 3, 1929,—alleged to be due from defendant to plaintiff, under the terms of a contract entered into between the said parties under date of June 3, 1924. This contract provided for the sale by plaintiff to defendant of certain specified machinery and raw materials for the manufacture of tile, and for an exclusive license to defendant to use and manufacture plaintiff's patented machines. Under the terms of the contract, the license fees or royalties were graduated to the tile manufactured through the use of plaintiff's patents, to wit:

"Provided, further, that in no event shall the royalties to be paid to the Licensor herein by the Licensee, whether said royalties shall be derived from tile manufactured by the Licensee or from that manufactured by others to whom

Licensee may give such right, be less than the following amounts per year: . . .

"Four Thousand Dollars ($4,000) during the fifth year, and each year thereafter during the term of this contract."

It is for the royalty alleged to be due for the fifth year and royalty for an additional quarter period that the plaintiff prosecutes this action. The court denied relief for the "additional quarter", but the plaintiff does not appeal.

The answer asserted that the contract had been terminated by notice dated January 11, 1929; that all royalties due from defendant to plaintiff had been paid, and that defendant had fully complied with all the conditions in that behalf upon its part to be performed.

The contract provided for termination as follows:

"Fifth: This contract license may be terminated by either party hereto in the following manner under the following conditions, to wit: . . . (b) By the Licensee, at any time during the term of the contract upon ninety (90) days written notice of intention to terminate; provided, however, that Licensee shall have no right to terminate as aforesaid unless the full amount of the royalties owing to Licensor have been paid in full, or any balance owing on account thereof is tendered to Licensor, together with notice of intention to terminate."

The court found that, "except for the payment of the sum of $3,147.30, on account of minimum royalty due under said agreement for the year commencing on the 3rd day of June, 1928, and terminating on the 2nd day of June, 1929, the defendant, at all times in the complaint mentioned, performed each and every provision of said agreement between the parties on its part to be performed.

"7. That neither at the time of service of said notice, nor at the expiration of ninety days thereafter, had defendant fully complied with all the conditions for the termination of the contract upon defendant's part to be performed; that neither at the time of the service of said notice, nor at the expiration of ninety days therefrom, did the defendant pay the full amount of the royalties owing to plaintiff or pay to plaintiff any sum or sums other than $414 paid October 9, 1928, and $438.70 paid January 11,

1929, nor did defendant tender to plaintiff any other or further sum or sums of money whatsoever.''

Judgment was thereupon rendered in favor of plaintiff for the sum of $3,312 and costs.

Defendant appeals from the judgment and also from the order of the court made on May 9, 1930, denying defendant's motion of May 13, 1930, for leave to renew its motion to file its amended answer to the complaint.

Upon this appeal, appellant makes the following contentions:

I. The minimum royalty as prescribed in the contract was payable annually and only in the event the contract was not terminated during the year.

II. The obligation to pay a minimum royalty was conditioned upon the use of the license equipment and patents throughout the year.

III. The court below erroneously excluded evidence offered by appellant.

IV. The court erroneously denied appellant's motion to amend its answer.

The evidence shows that during the life of the contract, the annual minimum payment was made annually at the close of the fiscal year, on or about July 1st of the next succeeding year. In between those times, the quarterly payments were made simply upon the tile actually manufactured and sold. It was also shown that the only payments made by defendant in the year beginning June 3, 1928, were $414 on October 9, 1928, and $438.70 on January 11, 1929. In order to terminate the contract, it was necessary that the defendant give the ninety days' written notice and pay or tender the full amount of royalties to date of termination. The contract bound the defendant to pay at least $4,000 royalty for the year beginning June 3, 1928.

Since no tender of the amount due was made, we are of the opinion that no termination of the contract was had during the year June 3, 1928, to June 3, 1929, and that the minimum royalty was payable at the end of said year.

We find nothing in the contract indicating that the obligation to pay the minimum royalty was conditioned upon the use of the license equipment and patents throughout the year.

We find no error in the exclusion of evidence offered by defendant. In each case the testimony was either immaterial, or the question asked called for a conclusion of the witness.

As to alleged error of the court in its denial of appellant's motion to amend its answer, this is a matter which is purely discretionary with the trial court, and in the absence of a clear showing of an abuse of discretion will not be disturbed upon appeal.

The judgment is affirmed. The order is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 1, 1933.